IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GREGORY DEW,** | Case Number 4:11 CV 2486 |
| Petitioner, | Judge James G. Carr |
| v. | REPORT AND RECOMMENDATION |
| **BENNIE KELLY, Warden** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This is an action initiated by Petitioner Gregory Dew, a prisoner in state custody represented by counsel, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Bennie Kelly filed a Return of Writ (Doc. 6) with attached exhibits (Doc. 6-2). Petitioner then filed a Response to the Return of Writ. (Doc. 8). Petitioner also filed a Motion for Discovery (Doc. 9), which Respondent opposed (Doc. 10). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends the Petition be stayed and held in abeyance until Petitioner fully exhausts his state court remedies. The undersigned further recommends Petitioner's Motion for Discovery be denied.

### BACKGROUND

*Trial Court Conviction*

On March 22, 2007, Petitioner was indicted in Mahoning County, Ohio by a grand jury on three counts of sexual battery in violation of O.R.C. § 2907.03(A)(9)(B) ("Case No. 07 CR 378"). (Doc. 6-2, Ex. 1). Petitioner filed a motion to dismiss the indictment because the O.R.C. section

used to indict Petitioner did not exist at the time of the alleged offense. (Doc. 6-2, Ex. 2). Specifically, the indictment alleged illegal conduct with two underage females between 1990 and 1992 (Doc. 6-2, Ex. 2), and the O.R.C. section defining Petitioner's alleged conduct as a crime was not enacted until 1994 (Doc. 6-2, Ex. 2). Petitioner's motion to dismiss was sustained. (Doc. 6-2, Ex. 3). In the meantime, the grand jury issued a superceding indictment, charging Petitioner with three counts of rape, and one count each of corruption of a minor and gross sexual imposition, O.R.C. §§ 2907.02(A)(2)(B), 2907.04(A), and 2907.05(A)(1), respectively. (Doc. 6-2, Ex. 4). Petitioner plead not guilty to the charges in the superceding indictment. (Doc. 6-2, Ex. 5). Prior to trial, Petitioner filed a motion for notice of the state's intention to use evidence (Doc. 6-2, Ex. 7), which was sustained. (Doc. 6-2, Ex. 7). On July 31, 2007, Petitioner filed a motion to inspect grand jury proceedings (Doc. 6-2, Ex. 8), which the state opposed (Doc. 6-2, Ex. 9). The trial court ordered the grand jury proceedings be transcribed, sealed, and delivered to the trial court judge for inspection. (Doc. 6-2, Ex. 10). After inspection of the transcripts, the trial court ruled there was no indication of misconduct by the prosecuting attorney or the grand jury, and ordered the transcripts resealed and returned to the court reporter to maintain as an exhibit for appeal, if necessary. (Doc. 6-2, Ex. 11).

On October 11, 2007, Petitioner was indicted again, by secret indictment, on fifteen counts of gross sexual imposition, in violation of O.R.C. § 2907.05(A)(1)(B) ("Case No. 07 CR 1262") for conduct similar to that alleged in Case No. 07 CR 378 (Doc. 6-2, Ex. 12). On November 20, 2007, a superceding indictment was filed in Case No. 07 CR 1262, charging Petitioner with fifteen counts of sexual imposition, in violation of O.R.C. § 2907.05(A)(1)(B) and three counts of rape, in violation of O.R.C. § 2907.05 (A)(2)(B). (Doc. 6-2, Ex. 13).

On November 26, 2007, in Case No. 07 CR 378, Petitioner filed a motion to suppress evidence – a recorded telephone conversation between himself and one of the victims – and requested a statement of essential factual findings. (Doc. 6-2, Ex. 14). Petitioner also filed a motion to dismiss Case No. 07 CR 378 due to the lapse of time since the alleged violations, which occurred between 1990 and 1992. (Doc. 6-2, Ex. 15). In addition, Petitioner filed a motion for relief of improper joinder of cases for the purpose of trial. (Doc. 6-2, Ex. 16). The state opposed each motion. (Doc. 6-2, Ex. 17, 18, 19). The trial court overruled Petitioner's motion to dismiss, motion for relief of improper joinder, and motion to suppress because the telephone call was recorded with the permission of one of the parties. (Doc. 6-2, Ex. 20).

On February 28, 2008, the state filed a motion to introduce other acts evidence in both cases. (Doc. 6, Ex. 21), which Petitioner opposed (Doc. 6-2, Ex. 22). After a pre-trial and exchange of discovery, the trial court overruled the state's motion to introduce other acts, but reserved the right to change this ruling within the context of the trial. (Doc. 6-2, Ex. 23).

A jury trial commenced and upon the state resting, Petitioner filed a motion for acquittal. (Doc. 6-2, Ex. 27). In Case No. 07 CR 378, Petitioner was found guilty of three counts of rape, one count of corruption of a minor, and one count of gross sexual imposition. In Case No. 07 CR 1262, Petitioner was found guilty of one count of gross sexual imposition and one count of rape. On April 1, 2008, Petitioner was sentenced to an aggregate term of 43 years incarceration. (Doc. 6-2, Ex. 28).

*Direct Appeal*

Petitioner filed a timely notice of appeal to the Seventh District Court of Appeals in Mahoning County ("Case No. 08 MA 62"). (Doc. 6-2, Ex. 29). In his appellate brief, represented by new counsel, Petitioner presented the following assignments of error:

3

    1.    THE INDICTMENT AND PROSECUTION OF THE CASE AGAINST APPELLANT WERE PREDICATED UPON EVIDENCE GAINED IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS ILLEGAL WIRETAP EVIDENCE.

    2.    APPELLANT WAS SEVERELY PREJUDICED AND DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED HIS MOTION FOR RELIEF FROM IMPROPER JOINDER, REFUSED TO SEVER THE UNRELATED CHARGES, AND FORCED APPELLANT TO TRY THE CASES TOGETHER BEFORE ONE JURY.

    3.    APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. 6-2, Ex. 30)

On July 23, 2009, the court of appeals issued a judgment entry remanding the case to the trial court for 30 days for the sentencing court to issue a time-stamped sentencing entry in compliance with *State v. Baker*, 119 Ohio St.3d 97, 893 N.E.2d 163. (Doc. 6-2, Ex. 33). On July 27, 2009, the trial court issued a sentencing entry complying with *Baker*, sentencing Petitioner to an aggregate term of 43 years incarceration. (Doc. 6-2, Ex. 34).

The court of appeals then issued an opinion finding Petitioner's first two assignments of error without merit, but Petitioner's third assignment of error meritorious as it pertained to the convictions in Case No. 07 CR 1262. (Doc. 6-2, Ex. 35). Specifically, the appellate court held the trial court properly denied the motion to suppress as Ohio law allows police to record a phone conversation between a consenting informant and a non-consenting defendant without a warrant; the trial court did not abuse its discretion by denying Petitioner's motion for relief from improper joinder, since the evidence of each set of crimes was simple and direct; but the appellate court reversed and

vacated Petitioner's convictions in Case No. 07 CR 1262 because they were not supported by sufficient evidence. (Doc. 6-2, Ex. 35).

Petitioner filed a timely motion for reconsideration of Case No. 08 MA 62 (Doc. 6-2, Ex. 36), which the state opposed (Doc. 6-2, Ex. 37), and the appellate court denied (Doc. 6-2, Ex., 38).

On January 14, 2010, Petitioner filed a timely notice of appeal, through his direct appeal counsel, to the Ohio Supreme Court. (Doc. 6-2, Ex. 38). Petitioner presented the following propositions of law:

> 1. AN INDIVIDUAL HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWS THE ADMISSION OF ILLEGALLY OBTAINED WIRETAP EVIDENCE.
>
> 2. AN INDIVIDUAL HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DENIED HIS MOTION FOR RELIEF FROM IMPROPER JOINDER AND THE APPELLATE COURT REFUSED TO REMAND THE CASE EVEN AFTER REVERSING AND VACATING CONVICTIONS ON THE UNRELATED CHARGE.
>
> 3. AN INDIVIDUAL HAS BEEN DENIED DUE PROCESS OF LAW WHEN HIS CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Doc. 6-2, Ex. 40).

The state filed a waiver of memorandum in response. (Doc. 6-2, Ex. 41). On March 10, 2010, the Ohio Supreme Court denied leave of appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6-2, Ex. 42).

Petitioner then filed a timely petition for writ of certiorari in the United States Supreme Court (Doc. 6-2, Ex. 43), which was denied (Doc. 6-2, Ex. 44).

*Application to Reopen - Ohio App. R. 26(B)*

On November 14, 2011, Petitioner filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B) and raised the following assignments of error:

1. APPELLATE COUNSEL FAILED TO APPEAL INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, VIOLATING APPELLANT'S RIGHTS UNDER AMENDMENTS V, VI, AND XIV, OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 2, 5, 9, 10, AND 16 OF THE OHIO CONSTITUTION AND CRIM. R. 16.

2. APPELLATE COUNSEL WAS INEFFECTIVE FOR NOT APPEALING THE ABUSE OF DISCRETION OF THE TRIAL COURT IN VIOLATION OF THE APPELLANTS RIGHTS UNDER AMENDMENTS VI AND XIV OF THE US CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

(Doc. 6-2, Ex. 45).

On January 31, 2012, the state court of appeals denied Petitioner's application to reopen because Petitioner failed to demonstrate good cause for his untimely appeal, which was filed two years after the deadline expired. (Doc. 6-2, Ex. 46). Petitioner then filed an application for reconsideration of the order denying his application to reopen (Doc. 6, at 7), which the state opposed (Doc. 6-2, Ex. 47). On February 24, 2012, Petitioner filed an amended application for reconsideration. (Doc. 6-2, Ex. 48). On May 3, 2012, the state appellate court denied Petitioner's application for reconsideration because it was untimely and Petitioner failed to demonstrate good cause. (Doc. 12-1, Ex. 66). On June 15, 2012, Petitioner appealed to the Ohio Supreme Court (Doc. 12-1, Ex. 67), and the Ohio Supreme Court denied and dismissed the appeal, initially and on reconsideration, as not involving any substantial constitutional question (Doc. 12-1, Ex. 69, 71).

*Trial Court Motions for New Trial - Ohio Crim. R. 33(B)*

Between November 28, 2011 and December 30, 2011, Petitioner filed a series of motions in state trial court claiming he was denied access to "new evidence" upon which he relies to file a motion for new trial. (Doc. 6-2, Ex. 49, 53, 54, 55). Specifically, Petitioner claimed he was prevented from obtaining a professional evaluation of jury venire, grand jury transcripts, and a forensic comparison of interrogation recordings, which allegedly show he should be granted a new trial. Further, Petitioner filed a motion requesting the trial court to recuse itself from ruling on the motions he asked the state court to decide. (Doc. 6-2, Ex. 51). According to the state, Petitioner's request for a new trial was untimely, as it was filed three years after he was convicted and sentenced for numerous sexual offenses. (Doc. 6-2, Ex. 52). In addition, the state alleged the evidence Petitioner submitted in support did not warrant a new trial. Specifically, Petitioner could have obtained an affidavit from an expert regarding interrogation analysis prior to trial and jury venire analysis was barred by res judicata. The trial court ruled it was without jurisdiction to rule on Petitioner's motions because Petitioner already appealed the case and such issues should have been raised on appeal. (Doc. 6-2, Ex. 55). On January 17, 2012, in its judgment entry, the trial court noted "[Petitioner's] arguments may be meritorious, however, again, this [c]ourt believes it is without jurisdiction to grant Defendant to relief he has prayed for." (Doc. 6-2, Ex. 57).

On February 2, 2012, Petitioner filed a notice of appeal, through current habeas counsel, from the trial court judgment entries denying Petitioner's motions on the basis of lack of jurisdiction ("Case No. 12 MA 18 "). (Doc. 6-2, Ex. 59). On February 13, 2012, the court of appeals issued a judgment entry granting Petitioner 30 days to file supporting memorandum as to whether the two orders were final appealable orders of the trial court, thus permitting it to exercise jurisdiction of the

7

appeal. (Doc. 6-2, Ex. 59). Petitioner filed a supporting memorandum through counsel (Doc. 6-2, Ex. 61), and the state responded (Doc. 6-2, Ex.62). This action is currently pending in state court.

*Federal Habeas Petition*

On November 15, 2011, when he was simultaneously pursuing state post-conviction relief, Petitioner initiated the instant federal action seeking a writ of habeas corpus pursuant 28 U.S.C. § 2254. Petitioner asserts the following grounds for relief:

> **GROUND ONE: DEFENDANT WAS DENIED DUE PROCESS OF LAW AT TRIAL WHEN THE COURT ALLOWED ADMISSION OF ILLEGALLY OBTAINED WIRETAP EVIDENCE.**
>
> **Supporting FACTS**: An Ohio law officer used a wiretap to illegally record a conversation between persons outside of the legal jurisdiction of the state of Ohio. The wiretap was between two parties, one in California, the other in Pennsylvania, which was intercepted/recorded without a warrant. Both CA and PA law require the consent of all parties or a warrant to perform a wiretap. PA law specifically prohibits any law enforcing officer to use an informant to surreptitiously record conversations without a warrant.
>
> **GROUND TWO: DEW WAS DENIED DUE PROCESS OF LAW WHEN TRIAL COURT DENIED A MOTION FOR RELIEF OF IMPROPER JOINDER OF CASES AT TRIAL.**
>
> **Supporting FACTS**: Dew was charged in two separate cases for crimes of a sexual nature. Evidence in the cases failed inclusion under Evid. R. 404(B). Cases were joined in violation of Ohio's rape shield law and against the rulings in several precedent setting cases. All charges in case 07 CR 1262 were dismissed in initial appeal, rendering them as being unable to be presented in Case 07 CR 378 if the cases were tried separately.
>
> **GROUND THREE: DEW WAS DENIED DUE PROCESS AS HIS CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AND THE MANIFEST WEIGHT OF THE EVIDENCE.**
>
> **Supporting FACTS:** Dew was originally charged on a statute that presupposes willing partners in Case 07 CR 378. All discovery prior to trial was consistent with consensual relationships. The charges were elevated requiring the element of force or threat of force with no new evidence to support this element being provided to Dew to justify the new and elevated charges. All charges related to

case 07 CR 1262 were dismissed. Timeline and other evidence negate validity of all charges in case 07 CR 378.

**GROUND FOUR: DEW WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT APPEALING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND ABUSE OF DISCRETION IN TRIAL COURT**.

**Supporting FACTS**: Appellate counsel failed to raise significant, meritorious issues on initial appeal. I have reviewed the records and have filed an application of ineffective assistance of appellate counsel for these issues.

**GROUND FIVE: DEW IS ENTITLED TO A NEW TRIAL DUE TO WITHHOLDING AND TAMPERING WITH EVIDENCE, JURY "PACKING" OR "FIXING" AND CASE STEERING[,] DENIAL OF DUE PROCESS AND SIXTH AMENDMENT**.

**Supporting FACTS**: Professional evaluation and analysis of evidence in my case prove beyond a reasonable doubt that evidence was withheld and tampered with, my jury was not chosen from a "representative cross section of the community" as required by the U.S. Constitution, and my case(s) were "steered" to Judge Krichbaum for a real or perceived benefit to the prosecution.

(Doc. 1).

## ANALYSIS

### *Request for Stay and Abeyance*

Generally, a pre-requisite to federal habeas review is exhaustion of claims in state court. 28 U.S.C. § 2254(b). However, exhausting state remedies is not a precondition to filing a federal habeas petition, but rather a condition that must be fulfilled before relief may be granted. 28 U.S.C. § 2254(c). The Petition here is a "mixed petition"; that is, one containing both exhausted and unexhausted claims. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal court may exercise its "limited discretion" in holding a petition in abeyance if Petitioner meets the criteria set forth in *Rhines v. Weber,* 544 U.S. 269 (2005). Therefore, as opposed to arguing the merits or other procedural default rules, the parties here argue whether Petitioner's

9

claims should be dismissed or stayed pending final disposition of Petitioner's unexhausted state claims.

For three decades, mixed petitions have been subject to special rules. Initially, the Supreme Court held mixed petitions should be dismissed without prejudice in their entirety, allowing a petitioner the opportunity to exhaust state court claims or to amend the habeas petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This rule created problems under the one-year statute of limitation for habeas review promulgated by the Antiterrorism and Effective Death Penalty Act (AEDPA). Because *Lundy* was decided before the AEDPA's one-year statute of limitation, it did not contemplate that a dismissal without prejudice after expiration of the AEDPA limitation period could eliminate access to federal habeas review.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed this issue by articulating a "stay and abeyance" procedure. Under the procedure, "rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 266. The procedure is available in very "limited circumstances" and is only appropriate: 1) when there is good cause for failure to exhaust in state court; 2) when the unexhausted claims are potentially meritorious; and 3) when there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Procedurally, this allows district courts four options: 1) dismiss the petition in its entirety, *Id*. at 274; 2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *Id*. at 275; 3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *Id*. at 278; or 4) ignore the exhaustion requirement altogether

and deny the petition on the merits if none of petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). *See Harris v. Laffler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) (quotations omitted).

The parties initially stipulated Petitioner's first three Grounds were ripe for review and Grounds Four and Five were unexhausted. However, while Petitioner's habeas claim was pending, his application to reopen was exhausted in state court. (Doc. 12-1). The undersigned ordered Respondent to provide documents reflecting evidence of exhaustion (Doc. 11), and Respondent complied (Doc. 12). Therefore, the undersigned considers Petitioner's request for stay and abeyance solely on Ground Five.

In his Fifth Ground, Petitioner argues evaluation and analysis by experts, hired by Petitioner, prove that evidence was withheld and jury venire was improper. (Doc. 1, at 12). However, Petitioner has not exhausted these claims in state court. Indeed, the claims Petitioner asserts in Ground Five are currently pending in state court.[1] The appellate court denied Petitioner's claims on the basis of jurisdiction, while noting Petitioner's claims could be meritorious. (Doc. 6-2, Ex. 57; Doc. 8, at 5). Petitioner appealed that decision, and at the time briefing was submitted for the instant Petition, the state appellate court had scheduled briefing on whether or not Petitioner was entitled to a transcript of the jury proceedings. (Doc. 8, at 5); *see also supra* note 1. Notably, even Respondent concedes that the Court may decide to stay based on unresolved issues in state court. (Doc. 6, at 18). Accordingly, principles of comity dictate good reason to stay the instant Petition and hold it in abeyance until Petitioner's claims are fully exhausted in state court. Petitioner satisfies the potentially meritorious element because the trial court explicitly noted, Petitioner's claims "may be

---

1. http://courts.mahoningcountyoh.gov/pa/pa.urd/pamw2000.docket_lst?49663746  (last visited December 20, 2012).

11

meritorious". (Doc. 6-2, Ex. 57). The state court must be given the opportunity to conclude whether Petitioner's claims are subject to review and if so, whether or not they are meritorious.

### *Motion for Discovery*

Also before the Court is Petitioner's discovery motion. (Doc. 9). On June 4, 2012, while this Petition was pending, Petitioner moved the Court to allow him to conduct discovery into the Mahoning County Jury Commissioner's Office's selection of petit jurors in his criminal trial. (Doc. 9-1, at 1). Specifically, Petitioner asked the Court to allow him to depose the jury commissioner's technical support supervisor and request production of: 1) personnel files of employees who had access to CourtView; 2) the log entries for the systems administrators who logged in to CourtView for three months before Dew's jury trial; and 3) the JuryView transaction logs for the March 3, 2008, March 17, 2008, and March 31, 2008 jury pools. (Doc. 9-1, at 5).

Respondent argues the motion should be denied because Petitioner is merely attempting to perform discovery in order to bolster his assertion that Ground Five of his Petitioner should be stayed according to *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 10).

Federal habeas petitioners have "no right to automatic discovery", but district courts have the discretion to grant a party discovery "upon a fact specific showing of good cause under Rule 6." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *see also* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C. foll. § 2254 (2010). Before addressing whether a party is entitled to discovery under Rule 6, a district court must determine the "essential elements" of the relevant habeas claim. *Brown v. Rapelje*, 2012 WL 4490774, *2 (S.D. Mich. 2012); *see also Bracy v. Gramely*, 520 U.S. 899 (1997). After the "essential elements" are identified, the court can then determine whether the party moving for discovery has shown "good cause" under Rule 6. *Brown*, 2012 WL 4490774 at * 2. Good

cause is shown when: "specific allegations before the court show reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Brown*, 2012 WL 4490774 at * 2 (citing *Bracy*, 520 U.S. at 908-09, quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

In sum, Petitioner must provide the Court with good reason that he is *entitled to relief*. However, Petitioner here is not asking for relief, he is asking the Court to stay his Petition and hold it in abeyance until he exhausts his claims in state court. Petitioner's request for discovery is premature and antithetical because Petitioner asks this Court to administratively close his case, yet at the same time asks to keep his case open to perform discovery. *See Sherman v. McDaniel*, 333 F. Supp. 2d 960, 968-69 (D. Nev. 2004) (discovery should not proceed on exhausted claims). The undersigned recommended Petitioner's claim be stayed and held in abeyance until his claims are exhausted in state court; consequently, Petitioner's case will be administratively closed making any subsequent discovery request inappropriate at this time.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court find Petitioner's request to stay this action be granted to the extent that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be administratively stayed and terminated on the Court's active docket pending Petitioner's exhaustion of Ohio remedies. The stay should be conditioned on Petitioner's filing a motion to reinstate the instant Petition on the Court's active docket within 30 days after fully exhausting those state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate his Petition on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

Following the reasons above and because Petitioner is asking this court to administratively close his case, his motion for discovery should be denied.

                                                s/James R. Knepp II  
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See U.S. v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).