# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Gregory Dew,　　　　　　　　　　　　　　　　Case No. 4:11CV2486

　　Petitioner,

　　v.　　　　　　　　　　　　　　　　　　　**ORDER**

Warden Bennie Kelly,

　　Respondent.


This is a state prisoner habeas corpus case in which Magistrate Judge James R. Knepp, II, has filed a Report & Recommendation. (Doc. 44). Having conducted de novo review of the R&R in light of the petitioner's objections, and for the reasons that follow, I adopt the Magistrate Judge's R&R as the order of this court, deny the petition, and decline to issue a certificate of appealability.

## Background

The R&R contains a lengthy excerpt, which I need not re-copy here, from the state appellate court's summary of the evidence leading to the petitioner's conviction in the Mahoning County, Ohio, Court of Common Pleas. His convictions stemmed from various sexual assault charges committed first in the early 1990s in his capacity as a gymnastics coach against two high school students and later, from 2005 until 2007, in his capacity a chiropractor against three adults patients.[1]

---

[1] By time of trial, the petitioner faced two separate indictments, one as to the gymnast victims, the other as to the chiropractic victims. The court joined both indictments for trial. With reference to the gymnasts, the indictment charged; as to "Gymnast A," three counts of rape, pursuant to O.R.C. § 2907.02(A)(2)(B), and one count of corruption of a minor pursuant to former O.R.C. § 2907.04(A); as to "Gymnast B," one count of gross sexual imposition pursuant to O. R.C. § 2907.05(A)(1). With reference to the patients, the indictment charged: as to "Patient A," twelve counts of gross sexual imposition, pursuant to R.C. 2907.05(A)(1)(B); as to "Patient B," three

Following a trial, at which the petitioner vigorously contested the evidence against him, the jury found him guilty of: as to Gymnast A, three counts of rape and one count of corruption of a minor; as to Gymnast B, one count of gross sexual imposition; as to Patient B, one count of gross sexual imposition; and as to Patient C, one count of rape. The jury acquitted petitioner of: twelve counts of gross sexual imposition as to Patient A; two counts of gross sexual imposition as to Patient B; and, two counts of rape as to Patient C.[2]

The court sentenced the petitioner to a total term of forty-three years imprisonment. He received ten years on each of the four rape counts and eighteen months for each of the two gross sexual imposition counts, with all sentences to run consecutively.[3]

On direct appeal, the court reversed on the basis of insufficiency of the evidence as to the patient-related convictions. It otherwise affirmed. The Ohio Supreme Court denied leave to appeal; it dismissed the petitioner's appeal as not involving any substantial constitutional question. The United States Supreme Court denied petitioner's petition for a writ of certiorari.

---

counts of gross sexual imposition, pursuant to O.R.C. § 2907.05(A)(1)(B); and as to "Patient C," three counts of rape, pursuant to O.R.C. § 2907.02(A)(2)(B).

[2] The Magistrate Judge reviewed the facts that the petitioner asserted undercut the sustainability of his conviction. He found that the petitioner was either relying on matters outside the record or that any asserted error in the factual findings would not have affected the outcome. I agree, particularly in light of the doctrine that review on habeas takes a favorable view toward the jury's verdict.

[3] The court merged the corruption of a minor and the rape convictions, resulting in no additional sentence for the corruption charge.

Thereafter, the petitioner filed an untimely *pro se* application to reopen his direct appeal pursuant to Ohio App. R. 26(B).[4] The appellate court denied that application and a request for reconsideration. The Ohio Supreme Court denied petitioner's appeal.

Petitioner *pro* se next filed an original motion and then an amended motion in the trial court for grand jury transcripts, for recusal, and for an evidentiary hearing. He also sought an order finding he had been unavoidably prevented from discovering the evidence on which his motion for a new trial had relied. He further requested leave to file a motion for new trial. The trial court ruled it lacked jurisdiction to rule on the motions.

Petitioner, through counsel, filed a notice of appeal from the trial court's ruling. After a series of intermediate procedural orders, the appellate court affirmed the trial court's judgment in part (finding that *res judicata* barred petitioner's motion for grand jury transcripts), but that the trial court had jurisdiction, based on the petitioner's allegations of newly discovered evidence, to rule on the motion for leave to file a new trial motion under Ohio R. Crim. P. 33. The Ohio Supreme Court declined to accept jurisdiction of petitioner's appeal of the appellate court's *res judicata* ruling as to the grand jury transcripts.

Meanwhile, on November 15, 2011, as he was seeking state court post-conviction relief, petitioner filed the instant federal habeas petition. He asserted five grounds for relief, namely:

1. Denial of due process when the court admitted illegally obtained wiretap evidence;

2. Denial of due process when the trial court denied a motion for relief from improper joinder;

3. Denial of due process - conviction was based on insufficient evidence;

---

[4] As discussed *infra,* the untimeliness of that motion led to the Magistrate Judge's conclusion, which I affirm, that, as to several of petitioner's habeas claims, he committed procedural default.

3

4. Petitioner was prejudiced by failure of appellate counsel to challenge ineffectiveness of trial counsel; and

5. Entitlement to a new trial due to withholding and tampering with evidence, jury "packing" or "fixing" and case steering[,] denial of due process and Sixth Amendment.

Due to the presence of unexhausted claims, this court stayed proceedings on February 4, 2013, pending exhaustion.

The petitioner, *pro se*, moved to disqualify the trial judge from presiding over any further proceedings. The Ohio Supreme Court denied the disqualification motion on the basis, *inter alia*, of waiver due to untimeliness.

Pursuant to the appellate court's remand, petitioner filed his delayed *pro se* motion for new trial. Following a hearing the trial court denied the petitioner's new trial motion as meritless. It also ruled that all issues should have been or had been raised on direct appeal and thus were no longer subject to review. The state appellate court affirmed, holding the *res judicata* barred each assignment of error. That court denied reconsideration. The Ohio Supreme Court declined to accept jurisdiction. The United States Supreme Court denied petitioner's application for certiorari.

Meanwhile, on June 5, 2014, petitioner, *pro se*, filed a motion for delayed reconsideration, or, in the alternative, a delayed application for reopening his direct appeal. The appellate court denied the application as untimely, holding, *inter alia,* that the petitioner had failed to establish good cause for the untimeliness. On December 3, 2014, the Ohio Supreme Court declined to accept jurisdiction of petitioner's appeal.

At which point, the petitioner returned to this court – more than three years after first undertaking to exhaust his state court remedies. The Magistrate Judge granted his *pro se* motion for leave to amend his habeas petition. Counsel withdrew after filing the amended petition. The amended petition asserts twelve grounds for relief:

1. Actual innocence;

2. Denial of due process due to denial of motion for relief from improper joinder;

3. Denial of due process – conviction based on insufficient evidence;

4. Denial of due process – conviction based on illegally seized evidence;

5. Denial of due process based on improper jury instructions;

6. Denial of due process due to "fixing of [*sic* or] packing of the jury representative of a cross-section of the community;

7. Denial of due process – trial court lacked subject matter jurisdiction due to pretrial ruling that original indictment had charged a later version of the offense;

8. Denial of effective assistance of counsel;

9. Denial of due process - bias on the part of the trial judge;

10. Denial of due process - prosecution did not provide defense counsel with a true, accurate and usable copy of unredacted copy of consensually recorded phone conversation;

11. Denial of due process – denial of access to grand jury transcripts; and

12. Denial of due process "when his case was steered to a specific judge for a real or perceived benefit to the State.[5]

**Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996, habeas relief is available only where a petitioner proves that the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

---

[5] Petitioner also filed several nondispositive motions. Having reviewed those motions and his orders, I affirm the Magistrate Judge's rulings. (Docs. 24, 26, 30, 33, 34, 42).

Relief thus can occur only where the petitioner shows that the state court's conclusion is contrary to a Supreme Court decision of law or the state court decided the case differently than a case, indistinguishable on the facts, that the Supreme Court had decided. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The touchstone is whether the state decision was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11.

In addition, state court determinations of state law are not reviewable or cognizable on habeas corpus. The Supreme Court made this principle clear in *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991):

> [I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United Sates.

Moreover, federal habeas courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates either: 1) cause for and prejudice from the default; or 2) the failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

A petitioner may procedurally default on a claim where he either: 1) fails to present his claims during a complete round of state court review; or 2) if the state court declines, due to the petitioner's noncompliance with a state procedural rule, to reach the merits of the claim and the procedural rule is an independent and adequate ground of decision. *Id.*

**Discussion**

On review of the petitioner's lengthy and multitudinous objections (Doc. 50), a few things are manifestly apparent: 1) the petitioner misapprehends the very limited standards, set forth immediately above, under which a federal court reviews a habeas claims of federal constitutional error; 2) the petitioner does not understand that a federal court does not review errors of state law, and that state

6

court determinations of state procedural, evidentiary, and substantive law are generally dispositive; and 3) meeting the actual innocence standard requires more – much more – than simply arguing that the jury should and would have reached a different result had it viewed the evidence differently or had other evidence before it.

Respondent asserted in the Return of Writ (Doc. 27) that petitioner had procedurally defaulted Grounds One, Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve, and that he cannot show cause, prejudice, or actual innocence to excuse those defaults.

Respondent also contends Grounds Three and Four fail on the merits, and that, in the alternative to a finding of default as to Ground Two, that ground likewise fails on the merits. The Magistrate Judge agreed. I do too.

I deal with the petitioner's objections to the Report & Recommendation in the sequence in which he presents them, and enumerate my discussion accordingly.

**Objection One: Magistrate Judge's Errors**

The petitioner claims the Magistrate Judge applied the wrong set of charges to a case number. Something of such slight magnitude, having nothing whatsoever to do with the gist of petitioner's claims, is irrelevant and immaterial. There is no merit to Objection One.

**Objection Two: Actual Innocence**

Petitioner claims the Magistrate Judge applied the wrong standard in determining whether he had defaulted on a claim within his broader actual innocence claim – namely, that the State had improperly redacted part of the petitioner's phone call with Gymnast B.

The Magistrate Judge did not err in his conclusion. Petitioner contends that the State presented a redacted version of his consensually recorded phone conversation with Gymnast B. He also contends that the State withheld portions of her recorded interview with the Boardman Police

7

Department. The redacted versions, he contends, contain exculpatory evidence that would have provided the new evidence he needs – but lacks – to head in the direction of a viable actual innocence claim.

The problem for the petitioner is that these circumstances were either known or were readily ascertainable at trial. With regard to the phone call, he was a participant, and able to inform counsel that portions were missing; counsel could then have sought and received an unredacted version (assuming she did not already have it) for whatever use seemed worthwhile. But the petitioner has failed to claim that he ever notified his lawyer that exculpatory redactions existed. Without that assertion, he cannot fault his lawyer – or the State – for any unawareness on the lawyer's part about possibly useful redacted material.

With regard to the allegation that Gymnast B's interview contains undisclosed exculpatory material, petitioner's trial counsel was well aware of the contents of the interview and in the best position to use, or refrain from using, the alleged exculpatory evidence to aid in her extremely vigorous challenge to the State's case. Indeed, it appears that trial counsel agreed that the complained-of portions of the interview ought to be redacted because their admission into evidence would have violated Ohio's rape shield law. (Doc. 28-1, PageID 2310-11).

But even assuming trial counsel failed to develop the circumstances on which petitioner bottoms his actual innocence claim – existence of exculpatory redactions in recorded conversations – at worst trial counsel failed to perform adequately at trial. Or appellate counsel failed to perform adequately on appeal. But, as discussed *infra* procedural default bars any such challenges here.

For these reasons and those set forth in the Report & Recommendation, the Magistrate Judge correctly rejected petitioner's actual innocence claim, as well as the predicate claim alleging improper redaction or withholding of various statements by the victims.

**Objection Three: Misjoinder**

In Ground Two petitioner claims he was "denied due process of law when the trial court denied his motion for relief from improper joinder and the appellate court refused to sever and remand the case even after reversing and vacating convictions on the unrelated charges." The Magistrate Judge agreed with the respondent that petitioner had failed fairly to present his challenge to joinder as a federal constitutional claim.

Petitioner disputes this conclusion, claiming that he met the fair presentation requirement, but I disagree. On direct appeal the petitioner assigned as error that:

> Appellant was Severely Prejudiced and Denied Due Process of Law When the Court Denied his Motion for Relief from Improper Joinder, Refused to Sever the Unrelated Charges, and Forced Appellant to Try the Cases Together Before One Jury.

(Ex. 30, Doc. 6-2, at 184); (*see also* Ex. 40, Doc. 6-2, at 350).

Petitioner claims that his passing and opaque reference to a denial of "due process of law" sufficed to call the appellate court's attention to a *federal,* rather than a *state*[6] constitutional challenge to the joinder of the separate indictments for trial.

The oblique reference to "due process of Law" failed to put the the tribunal on notice as to the possibility that petitioner was asking it to adjudicate his contentions on the basis of federal constitutional principles. In any event, the petitioner's argument in his appellate brief discussed solely state law and cases. Petitioner's arguments to the contrary in his objections are unavailing.

**Objection Four: Sufficiency of the Evidence**

The petitioner contends that the State's proof, especially with regard to the use of force *vis a vis* the rape convictions, was insufficient. He objects to the Magistrate Judge's determination that the

---

[6] I note that Art. I, §§ 1, 16 of the Ohio Constitution guarantee due process of law.

appellate court's resolution of these issues was not contrary to, or an unreasonable application of, federal law.

Petitioner's objection argues at length that the evidence of record does not sustain a finding of force as to the rape convictions. The Magistrate Judge based his conclusions on a careful, comprehensive, and accurate review of the record. Despite the petitioner's extensive contentions, there is no flaw in those conclusions. I, too, am satisfied that the evidence of record was sufficient to enable a rational trier of fact to find that the State had proved the elements beyond a reasonable doubt.[7]

The petitioner vigorously called the jurors' attention to how they could view the evidence and, in particular, witness credibility in his favor. He does likewise in his objections. But that is not the issue on habeas review, where I must view the record most favorably to the verdict.

I find no error on the Magistrate Judge's handling of this issue or the result he reached.

### Objection Five – Admission of "Wiretap" Evidence

For several reasons the Magistrate Judge found no merit to the admission of the consensually recorded phone conversation between petitioner and Gymnast B.

Each of those reasons was correct. Those reasons, with which I agree, were: 1) to the extent petitioner claims that the recording violated Ohio law, the claim was not cognizable;[8] 2) the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976), precludes habeas review of Fourth Amendment claims; and 3) well-settled Supreme Court precedent upholds the lawfulness under the Fourth Amendment of one-party surreptitious consent recording of phone conversations.

---

[7] I likewise agree that the appellate court's finding, as a matter of state law, that there was no error in the jury instructions, is binding on this court.

[8] In any event, "law enforcement consent surveillance," such as occurred here, is entirely lawful in Ohio. *E.g., State v. Geraldo*, 68 Ohio St. 2d 120 (1981).

As to the first basis: state court determinations of state law are not reviewable on habeas corpus. *Estelle, supra,* 502 U.S. at 67–68.

Second, in *Stone, supra,* the Supreme Court held that federal habeas corpus review is not available to state prisoners who received "the opportunity for full and fair consideration" of their claims in state court. 428 U.S. at 486. Petitioner received such opportunity in the trial court.

Moreover, as the Magistrate Judge correctly concluded, "whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing *Stone*, 428 U.S. at 490).

Finally, though I need not reach the issue, as the foregoing is dispositive of the petitioner's objection to the admission of the recorded conversation, there was, quite simply, no Fourth Amendment violation. *E.g., United States v. White,* 401 U.S. 745, 752 (1971).

There is, accordingly, no merit to petitioner's Objection Five.

**Objection Six: Jury Related Issues**

In Ground Five petitioner asserts a due process violation based on: improper jury instructions, "ex post facto" decision making, and "packing and fixing." The Magistrate Judge found that procedural default barred these claims. The petitioner objects to his conclusion as to default.

His decision was correct: each of the facts on which petitioner bases his jury-related claims was known at time of trial. The time to raise them was at trial and on direct appeal. Each could have ben presented on direct appeal; because they were not, procedural default applies.

Moreover, though I need not proceed further, the general rule is that alleged errors in jury instructions, which, as here, involve interpretations of state law, not federal constitutional law, are not cognizable in a habeas corpus proceeding. *E.g., Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The same is true with regard to challenges to *voir dire* proceedings. *See Estelle, supra*, 502 U.S. at 67–68. Likewise, decisions as to exclusion of jurors, which petitioner's "packing" claim raises, are

generally not cognizable in a habeas proceeding. *Ransom v. Davis*, 613 F. Supp. 430, 431 (D. Tenn. 1984).

There was no error with regard to the Magistrate Judge's conclusions as to Ground Five.

**Objection Seven – Judicial Bias**

Petitioner's Ground Nine alleges bias on the part of the trial judge. In his objection he contends that his various state court challenges to the trial judge's impartiality in the state courts were well-founded. Such unremedied bias, he asserts, deprived him of his due process right to a fair trial.

The Magistrate Judge found that petitioner, who was clearly aware of the instances of alleged bias while in the trial court, had procedurally defaulted on this claim. That is correct: the petitioner failed to raise the issue in a timely manner. Moreover, the state appellate court found his allegations of bias not well taken, with the appellate court dismissing the petitioner's claim on the basis of *res judicata*. *State v. Dew*, 2016-Ohio-274, ¶¶32-33 (Ohio App. 2016).

The Magistrate Judge's conclusion that the petitioner committed procedural default was correct.

Moreover, though I need not have done so in light of the default, I have reviewed the instances of putative bias that the petitioner sets forth in his objections. Neither singly nor in sum do those instances add up to a due process violation. While he may have perceived them as such, they were not violative of his right to a fair trial before an impartial tribunal.

**Objection Eight – New Trial Motion**

Petitioner's new trial motion was the first instance in which he raised the issues his petition presented as Grounds Six, Ten, and Twelve. The Magistrate Judge found that *res judicata* precluded federal habeas review as to those grounds. That decision was correct, despite the the petitioner's contentions in his objections that no such bar existed, so that his claims deserve review on the merits.

Petitioner contends that his claim of actual innocence negates the Magistrate Judge's conclusions. Given my finding *supra* as to his actual innocence claim, and the Magistrate Judge's thorough and correct disposition of that claim, petitioner cannot rely on that unsuccessful contention to support his claim as to denial of his new trial motion.

The petitioner's objections contend that the state courts misapplied state procedural law in denying his new trial motion. A claim that a state court erred in applying its own procedural rules is not cognizable on habeas review. *Gipson v. Haas*, --- F. App'x ----, 2018 WL 2251730, *3 (6th Cir. 2018).

Among other things, the Magistrate Judge properly concluded that the appellate court found, contrary to petitioner's contention, that he had not been unavoidably prevented from discovering relevant evidence. Petitioner contends that this was so because the appellate court could not grant him leave to file such a new trial motion without making such a finding.

The record reflects, however, that the state courts made the opposite finding. Indeed, the courts found as a matter of fact that the evidence that he claims was newly discovered was, or could have been, known to him during trial. The appellate court affirmed the dismissal of the new trial motion on the basis of procedural default.

Petitioner's objections contend that he produced "clear and convincing proof" that the state courts erred. They did not: their application of *res judicata* principles complied with Ohio law, *see, e.g., State v. Perry*, 10 Ohio St. 2d 175 (1967), which, in any event, is for the state courts, not a federal habeas court, to determine.

Petitioner continues to emphasize that, as to Ground Twelve, alleged spoliation of the evidence overcomes the procedural bar. As the Magistrate Judge correctly pointed out, however, it does not. The state courts having preclusively found petitioner had actual or constructive knowledge of the non-record evidence, the petitioner cannot overcome the *res judicata* bar because in Ohio,

"evidence attached in support of a claim not raised on direct appeal must be relevant, material, and unavailable to the petitioner *in time to support his claim at trial or on direct appeal*." *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 918 (S.D. Ohio 2001) (citing *State v. Scudder*, 131 Ohio App. 3d 470, 475 (1998) and *State v. Lawson*, 103 Ohio App. 3d 307, 315 (1995)) (emphasis in original in part and supplied in part).

There is no merit to petitioner's objections to the Magistrate Judge's conclusions as to the state court's *res judicata* rulings and the application of the default bar here.

### Objection Nine – Trial Court Jurisdiction/ Vindictive Prosecution

Ground Seven of the petition asserts that the trial court lacked subject matter jurisdiction and raises a vindictive prosecution claim. As with other grounds, this habeas claim is based on facts available before petitioner's direct appeal, but were not included in that appeal. Because petitioner could have raised, but did not raise, these claims on direct appeal, the Magistrate Judge concluded they were procedurally defaulted.

That was clearly a correct decision.

The gravamen of this claim is that the first indictment charged petitioner on the basis of a revised statute that had not been enacted at the time of the events giving rise to his ultimate conviction. He successfully moved for dismissal, after which the grand jury returned a superseding indictment that cured that defect.

Petitioner claims that the original dismissal was on the basis of actual innocence – which it was not – and that the superseding indictment reflected prosecutorial vindictiveness. This background, he contends, left the trial court without subject matter jurisdiction.

Though all these facts were available for presentation on direct appeal, the petitioner did not raise them in that proceeding. This, as the Magistrate Judge correctly determined, constituted a procedural default barring review in this court. There is no merit to the petitioner's ninth objection.

**Objection Ten – Ineffective Assistance of Appellate Counsel**

Ground Eight of the petition claims that the petitioner was deprived of his right to effective assistance of counsel on direct appeal because the attorney failed to: 1) include the unredacted recording of his conversation with Gymnast B in the record; 2) raise ineffective assistance of trial counsel; 3) raise vindictive prosecution; 4) raise denial of grand jury transcripts; and 5) submit "complete arguments" on direct appeal.

The Magistrate Judge found that procedural default – namely noncompliance with Oh. App. R. 26(B) – constituted a preclusive procedural default as to his motion for delayed appeal. The Magistrate Judge was correct.

To be sure, petitioner sought to take a delayed appeal under Oh. R. App. P. 26(B)(1), and he included this claim in his proposed appeal. But he did not do so within the mandatory time period under that Rule, namely "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

The appellate court dismissed the application for untimeliness, holding that petitioner had not shown good cause for the late filing. This was, as the Magistrate Judge found, an adequate and independent state ground justifying a finding of default. This accords with Sixth Circuit law. *See Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008); *Wilson v. Hurley*, 382 F. App'x 471, 475 (6th Cir. 2010) (unpublished); *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012) (unpublished).

Instead of acknowledging the default and its preclusive effect, petitioner, as he does throughout his objections, focuses his arguments on the putative merits of his contentions. But those arguments are not relevant to a review of the Magistrate Judge's R&R.

The Magistrate Judge also found that petitioner had failed to meet his burden of showing cause for and prejudice from this procedural default. Petitioner's excuse was that his incarcerated status kept him from being able to obtain necessary affidavits and other evidence within Rule 26(B)(1)'s time period. This is not a sufficient basis for finding cause. *E.g., Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

Petitioner claims he only learned of appellate counsel's ineffectiveness when appealing the denial of his new trial motion. The state court found this contention unavailing, as, without explanation, petitioner had delayed filing the application for nearly another four months. In the court's view, even if petitioner had had good cause initially for missing the deadline, he had not shown cause for his additional delay.

### Objection Eleven – Access to Grand Jury Transcripts

The Magistrate Judge likewise found, as to Ground Eleven, that the petitioner could and should have included Ground Eleven, relating to the trial court's refusal to grant his request for grand jury transcripts, in his direct appeal. His failure to do so, the Magistrate Judge concluded, constituted procedural default. This was clearly so, as petitioner was well aware before trial that the trial court was rebuffing his efforts to procure the transcripts for use at trial.

That petitioner's objection contends that his actual innocence claim, as related to his *ex post facto* challenge to the original indictment (and the inter-related vindictive prosecution/lack of jurisdiction) claims excuse his default is unavailing. As previously discussed, the Magistrate Judge's conclusions as to those claims were correct. That being so, their putative merit has no bearing on the petitioner's default as to his Ground Eleven.

### Conclusion

The Magistrate Judge's review of the entire record, the manifold pleadings and proceedings in the state courts and here, and consideration of the petitioner's petition and its twelve claims was

careful and comprehensive. On *de novo* review of Report & Recommendation and the petitioner's objections thereto, I find that, in every respect, the Magistrate Judge's Report & Recommendation is correct.

It is, accordingly,

ORDERED THAT

1. The Magistrate Judge's Report & Recommendation (Doc. 44) be, and the same hereby is, adopted as the order of this court;

2. Petitioner's objections to the Report and Recommendation be, and the same herby are, overruled;

3. The amended petition for a writ of habeas corpus (Doc. 18) be, and the same hereby is denied; and

4. No certificate of appealability will issue. *See Mullins v. McKee*, 2018 WL 510134, *2 (6th Cir. 2018).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge